The court of Illinois is reconvened. You may proceed. This is our first case of the afternoon. People of the State of Illinois v. James Gregory 414-1040 for the appellant, Ms. Mason. For the appellant, Ms. Johnson. You may proceed. May I please the court? Counsel? My name is Roxanna Mason. I'm from the Office of the State Appellate Defender, and I represent Mr. Gregory. Mr. Gregory pled guilty, and the trial court sentenced him to serve nine and a half years in prison. It did not sentence him to restitution. Instead, at the request of the state, it ordered a judgment against Mr. Gregory and in favor of the victim's insurance company in the form of a civil judgment. Then, after sentencing was over, when the circuit clerk was figuring the costs in the case, the circuit clerk imposed a restitution order against Mr. Gregory. Let me ask you a question. If the court had ordered restitution in the same amount, and then the state's attorney had said, or filed a motion saying, Your Honor, we would like that amount reduced to judgment so that it can be enforced against the defendant in later civil proceedings, is it possible to reduce a fine, a fee, or a restitution order, a limit to restitution? Is it possible for that to be reduced to judgment so that it could be collected in a civil proceeding? I don't think there would have to be any sort of action taken by the state to do that. The restitution statute itself provides for restitution to be collected in the same way as any civil judgment would be collected, through garnishment or through the seizure of assets, the similar methods that are used in civil judgments. All right. You said the statute already provides for that? Provides for the collection of restitution through means similar to... What's the citation? It's part of the restitution statute, which is 735-5-5-6. Once you get into the various subsections of that statute, it provides for all the ways in which the restitution can be collected. Like supplementary proceedings under the Civil Practice Act? Does it allow for that? I'm not sure about that. That would include, like, garnishment? It does specifically refer to garnishment, I know, in the statute. Garnishment is one of the methods. Citation to discover assets? All that's available? I'm not sure about citation to discover assets. I know that there are provisions that specifically speak to the seizure of assets to cover the restitution cost. I'm not sure if it's exactly through the same methods as would be in civil procedure, but there are provisions in the restitution statute. So why did the state move to have the court basically consider it as a civil judgment by converting it from restitution to the same? I don't know. I don't know why the state did what it did. Is there any authority for doing that that you're aware of? It's a little unclear. In terms of jurisdiction, the circuit court would certainly have the authority to enter civil judgments. It does all the time. But in terms of a statute specifically providing for this, I couldn't find one. The state didn't cite to one when it requested the civil judgment, so I'm unaware of one. There are certainly other areas in which the circuit court, even in a criminal case, does enter civil judgments in the bond forfeiture context, in the asset forfeiture context. But I don't know of a specific statute that would apply to this sort of situation where it's like restitution. It's medical bills. And certainly, if that sort of order were entered, as it was in this case, that seems to be something that either Mr. Gregory or the insurance company, who wasn't even present, could certainly appeal by filing the proper motions under civil procedure in the trial court and then proceeding then here to appeal any sort of judgment. I'm not asking you to concede anything here in terms of, well, this amount of money is probably ill. Probably around this area. Regardless of the specific amount. There's still money out, for sure. So is this simply a matter of the prosecutor and the judge not knowing what they were doing? And that they could have instead ordered restitution the way that it's always ordered and directed payments be made to the probation office, if that's how it's done in that county, and later there could be the civil proceedings that you've referenced or whatever they are that are available. I don't think it was necessarily just a simple mistake like that. I didn't mean to characterize it that way. Everything was done wrong to accomplish what the state hoped to accomplish and which, if we were result-oriented, which we are not, money ought to have been flowing from the defendant to the extent that he could ever pay it back toward restitution or civil judgment or whatever happened. I can't say for sure that that's what the court's concern was because the trial court here was very clear that he was putting in place this civil judgment as opposed to a regular restitution order and that's why they didn't have the normal hearings that you would have in a restitution case about the defendant's ability to pay to determine whether there was going to be some sort of payment schedule as opposed to just slapping this order on him. Another potential issue that could have come up, I don't know whether this was the state's concern or not, not a mind reader, but one thing that comes into play when something's ordered as restitution as opposed to a civil judgment is when restitution goes unpaid, just like any fine or court cost that goes unpaid, the Secretary of State can yank the defendant's driver's license, which inherently makes it more difficult for the defendant to find a job, work a job, keep a job. Which is not easy to do if you're in prison for nine and a half years anyway. Yes, and then once he gets out on MSR, to comply with all of the terms of MSR and then pay that restitution, not having a driver's license can get in the way of that. So maybe the state was trying to get around that hump. Maybe the state had been burned by that before. Maybe the court had been burned by that before and decided to go the civil judgment route so the Secretary of State wouldn't yank the license. Mr. Gregory could pay as he could when he got out and was finally able to get a job and start working So the state was actually trying to help Mr. Gregory. Maybe. Looking out for his best interest. Maybe they were. Maybe they were seeking help. In hopes that maybe they could collect some of these dollars. Exactly. It's a possibility. I mean, that's the only real difference I've been able to find in a situation like Mr. Gregory's where it's not a concern over whether we're going to have a bunch of probation violations. If he'd gotten probation and restitution had been ordered, then it would be continuing litigation in the probation context. Here we don't have that. So that's the only difference I can come up with. Counsel, I have a question for you. Let's assume that you win. That we accept your argument and you win. So where does that leave the civil judgment that was put in place? Well, right now the civil judgment, there's at least an oral order from the court. I have been able to find that that oral judgment has ever been put down on paper. And I think that the judge, if any party were seeking to enforce that judgment, could certainly ask that it be put down on paper. Because I think it didn't get done when the circuit clerk ordered restitution rather than doing what the trial court had initially ordered. Because you're not asking us to vacate the order for the civil judgment, correct? Correct. And honestly, I don't think we could. The civil judgment, as all civil judgments are, is completely separate from the judgment in the criminal case. Only the criminal case is on appeal now. So I don't think we could ask the court to vacate the civil judgment through this appeal. Mr. Gregory would have to appeal the civil judgment itself. But the state is asking us to vacate the civil judgment. I think so. I know they're asking for the court to remand and require the trial court to order restitution. I don't think they specifically said vacate the civil judgment in their brief, but I assume that's part of what they're asking for. I could be wrong on that. I don't think they specifically asked for it, but I assume that's what they're asking for. And it's interesting that the state now— Well, what are you asking? I'm asking for you to vacate the order entered by the circuit clerk to pay restitution and affirm Mr. Gregory's sentence otherwise. Since the circuit clerk didn't have jurisdiction to enter a sentence, vacate that part, enforce what the judge ordered, and everybody moves on. Hopefully Mr. Gregory— So you're not concerned about the civil judgment? No, not in this appeal. Whether it was entered properly or not. Correct. And in their prayer, the state asked, respectfully requests, vacation of the civil judgment and remand for the imposition of restitution. Okay. So then, yes, the state is requesting the civil judgment be vacated. I don't know that the civil judgment is even properly before this court. It's not on the notice of appeal. So I don't know that the court has the ability to even address that judgment at this time. I'm not a civil lawyer, but I'm not even certain that that judgment's final since it hasn't been put down on paper or entered yet. Now, it's interesting what the state's requesting now is for restitution to be— essentially for the trial court to be forced to enter this restitution order when it's the state that advocated for the civil judgment to begin with. So they're stopped from changing their position now. As the Illinois Supreme Court recognized in Harvey back in 2004, a party may not request to proceed in one manner in the trial court and then later contend on appeal that that course of action was in error, which is precisely what the state's doing here. I think we also run into some serious issues with Passelberry where now the state is seeking an order forcing this case to go back to the trial court to increase the defendant's sentence. The trial judge chose to order zero restitution in this case. They want to increase that restitution sentence to $28,879.66. And of course their argument is it's not an increase because if you vacate the civil judgment in the same amount, it's all the same anyway. But it's not really because the civil judgment is not part of a sentence. When we look at the authorized sentences in the Illinois Code, civil judgment is not one of them. Restitution is. And if this were a mistake where perhaps the trial court had said civil judgment instead of restitution, I could sympathize with that position, but here the trial court was extremely clear that restitution was not what he was going for. When you're referring to, I mean, in this case we have the initial imposition of the civil order, but then you have the motion to reconsider where it's definitely clarified that, no, I didn't do restitution. I did a civil judgment. And the state, I think, was pretty clear initially we're asking for a civil judgment and they refer to the fact that the hospital will have to try to collect it after he gets out and kind of referencing, I think, some of the things that Justice Turner was talking about in terms of supplementary proceedings. Exactly. And, you know, I mean, ultimately the whole purpose behind the restitution statute is to attempt to make these victims whole without victims having to suffer through the whole civil suit and hiring a lawyer and going through all of that rigmarole. But here the state asked for this. The state asked for that rigmarole to be part of the solution. And now to ask to undo that and then to ask this court to force the trial court to increase Mr. Gregory's sentence just simply doesn't comply with the jurisdictional authority in the Constitution or with Castleberry or the invited heir doctrine. So for these reasons, we're simply asking that this court vacate the restitution order that was entered by the circuit clerk without jurisdiction and affirm the rest of Mr. Gregory's sentence. If there are no further questions? Is there any dispute that it was the circuit clerk that entered the order versus the trial court? Not really. There is, the state references a docket entry in its brief and there is a sort of typed up minutes in the record of docket entries. It's not something that's signed by the judge. And even if it were a handwritten docket entry by the judge, the judge's oral order always trumps the judge's written order as the state recognizes in their brief. So the only one to actually put this down and sort of enforce this judgment, this order against Mr. Gregory is the circuit clerk. Thank you. We'll hear from you on rebuttal. Good afternoon. May it please the court. I recognize that there is a very long and tortured history of clerks entering fines without jurisdiction, but the facts in this case do not suggest that that's what happened here. The trial court at sentencing issued an oral pronouncement that a civil judgment would be entered in the amount of $28,879.66 to be paid to the victim's insurer, health care, and family services. Despite the oral pronouncement, there is a docket entry that indicates the same amount of money was ordered to be paid as restitution. It seems quite reasonable that the clerk entered the order for restitution based on the trial court's docket entry. Docket sheets are part of the common law record, and they are... Well, counsel, you concede that the oral pronouncement trumps, so we have an oral pronouncement for a civil judgment, correct? Yes, I understand that. And didn't the state ask for a civil judgment? Did the state ever ask for restitution? We did not. I'm focusing at the moment, though, on whether what the clerk did was void. The clerk had the right. The docket sheets are part of the common law record, and they are presumed to be correct. The clerk's office would not have had transcripts reported proceedings unless they had been asked to be prepared and filed with the clerk's office. Therefore, what the clerk did in recording this docket entry as restitution was follow what it believed had been the order of the court based on a docket entry that was properly part of the common law record. It does not show that this clerk, unlike many situations where they do, acted without authority on its own and without jurisdiction. On the facts that we have here, this record is not void because of an action by the clerk. The clerk followed the direction best that it knew from a docket entry that is part of the common law record. So it isn't void. And it doesn't matter if that entry is incorrect in determining whether the clerk acted without jurisdiction. The clerk followed the common law record docket entry. Now, it isn't void, so Castleberry doesn't apply. Despite the fact that the restitution order is not void as entered by the clerk, it still remains that there is this inconsistency between the oral pronouncement and the docket entry sheet. And I acknowledge, as I already have, it was the state who asked for the civil judgment, and therefore we certainly have a role in what has happened here. But that said, it is also the role of the state to seek justice and to see that justice is impartial and it is correct. And you have an opportunity here to impose correctly what should have been done below. Because of this... You're taking away that humane approach, trying to save his driver's license. I know, I know. We're awful. But it's because of these principles that I felt I had an obligation to bring the issue of mandatory restitution to your attention. I saw the issue when I was going through the brief. I felt certain this court would be perceptive and see it as well, and I felt it best to address it up front, despite the fact that it was the state who asked for the civil judgment. I set forth in my brief the plain language from the restitution statute, which provides in all convictions for offenses in violation of the criminal code. In which the person received any injury to his or her person as a result of the criminal act of the defendant, the court shall order restitution as provided in this section. Subsection B of the restitution statute provides the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge, any other victim who similarly suffered losses or injury, and the insurance carriers who have indemnified the named victim or other victims. Contrary to the defendant's argument, this plain language establishes that restitution itself, as well as restitution to insurance companies, is mandatory and not discretionary. Because of that, I am asking that restitution, which again is what was in the docket entry, be imposed here. And I do not believe Castleberry or Estoppel is a bar to our request for that. Again... So unviolated errors should not apply to the state? We apply it to defendants all the time. I understand that. And the nuance that I'm making here that I understand is a nuance. It's the fact that the restitution statute provides that restitution is a judgment lien against the defendant and in favor of the victim. And I believe, Justice Turner, you asked, it's subsection M that provides that a judgment lien expires under restitution in the same way as it does in a civil proceeding. So you can revive it after seven years? As I recall, and I don't have perfect memory, the court can extend the period of time after setting restitution when you have to set the manner and the time. The court has the ability to extend the period of restitution if necessary. If restitution at the end of that period is still not covered, there is this interplay between restitution and the civil judgment that the victim can go then through a civil judgment to retain the rest of what was ordered to them. But under what the defendant is asking for, there would still be a civil judgment in favor of the hospital. So it's not as if that money is not owed. It's not as if they have an inability to try to collect what they're owed. So I'm not really understanding why your nuance is so important. The point that I'm trying to make, which this court may or may not accept, is that there is this interplay between restitution and civil judgments. And whether it's ordered as restitution or a civil judgment, either way it is a judgment lien that is filed in favor of the victim. So what we're asking you to do is to correct the nature of that judgment lien to be a restitution as required by the statute rather than a civil judgment. So restitution, you say it's like a judgment lien. Is it recorded in case the defendant has any real estate? The restitution, the clerk, when it's ordered, the restitution statute, as I recall, does direct the clerk to record it. With regard to pursuing, say, a garnishment, wage garnishment or non-wage garnishment, who does that? The insurance company or the state under a restitution order? Well, the reason that the, and it was this court in Nassar, and Justice Connacht, you were on that panel, it was this court that recognized the reason for restitution being favored is because there is this additional obstacle and inconvenience with civil justice proceedings. And it would already be taken care of by the state as part of the criminal action. Okay, so if I'm understanding what you said, your response to my question is the state does that. Under restitution. The state actually would institute a non-wage garnishment of a bank account, for example. If ordered through restitution. Not the insurance company, right? Ordered through restitution, that would be my understanding, correct. But the insurance company would have the ability to do that very same thing with a civil judgment. Correct, and the restitution statute provides that nothing ordered as restitution bars future civil judgments as well, to recover what it's doing wrong. Let me ask you a question about the docket entry. Okay. Many, many years ago, when I was a trial judge, I made my own docket entries. And I signed them. And they conformed with what I said in the courtroom. Or at least I hope they always did. In some counties, there are minute clerks that create docket entries that the judge never sees. Never looks at. Minute clerks are often employees of the circuit clerk's office. So if the minute clerk misinterprets what happened in the courtroom, because they're not as familiar with legal terminology, and records a docket entry directing that a certain thing be done, and then the clerk of the court follows the lead of his or her employee, it is being imposed by the circuit clerk, not being imposed by the judge. Well, first, we don't have any indication that that was what happened. I know. But the reason we don't have any indication is because every county does it differently. And yet this court has recognized that you can take judicial notice of other courts' judicial proceedings and docket entries have been specifically identified as part of a common law record. Were those instances where it did not, was there was a difference between the docket entry and the oral pronouncement? I'm sorry, I missed the question. You were saying that, you know, we take judicial notice of docket entries and that we can consider what other counties do, but I'm asking did that happen in an instance where there was a conflict between the oral pronouncement and the docket entry? Not that I'm aware. Not that I'm aware. But I would note that when the, well, let me move on. I want to address Castleberry before I run out of time. Because this was not void, Castleberry does not apply. But apart from that, Castleberry and the facts are clearly distinguishable from the facts that we have here. As you're aware, in Castleberry, the Supreme Court abolished the void sentence rule. They said under 615, an appellate court does not have the authority to increase a criminal sentence. That under 604, the state doesn't have a right to appeal and that you cannot attack a trial court judgment with the intent of lessening a defendant's right, even if there is statutory authority mandating the action to support it. But none of that is what we're asking for here. It's not what the facts are in this case. We are not asking you to rule in any way that you are not authorized to do so. The basis of Castleberry was the fact that the appellate court did not have the authority to enter a 15-year sentence enhancement because the trial court had not ever first applied it to begin with. In that case, there had been two charges. They applied the 15-year enhancement to one but not to the other. On appeal, the appellate court tried to do that because the statute mandated the enhancement. And the Supreme Court said you don't have the jurisdiction to do that. That isn't here. We have a $29,000 assessment that was imposed here. It is not increasing defendant's sentence to continue with that $29,000 assessment. What we are asking you to do is to modify it again in the nature of correcting it from a civil judgment to a restitution judgment. And you have the authority under 615 to modify rulings that have already been made. And that is what we are asking this court to do. First of all, I commend you for continually saying we, thus taking responsibility for what happened below. I'm going to ask you to speculate. Why did the state's attorney ask for this and why did the judge do it? Speculation would be that when the defendant was sentenced to an extended period of time in prison, it seemed that by asking for a civil judgment that when he was released, that the insurance company could then pursue. That it seemed to make more sense at the time. And probation, if in that county probation takes care of these matters, wouldn't be monitoring restitution or trying to get payments from a guy that's in prison. Correct. And continually coming back before the court to see where you are with restitution. So somebody thought this was a good way to approach it. Have you ever seen this before? Speculatively, it appears so. Have you ever seen this before? I have not personally. Do you ever want to see it again? I do not. You're being recorded. Thank you, counsel. Thank you very much. Ms. Mason? May it please the court? Counsel? The state's basis for saying that this is not a jurisdictional issue for the circuit clerk is to argue that the clerk was just relying on this docket entry. And we're not arguing that the circuit clerk was seeking out an opportunity to start imposing restitution on people willy-nilly. That's not what was going on here. Yes, the circuit clerk probably did make a mistake, even an understandable mistake. But at the end of the day, the judgment, we all agree, the judgment entered by the judge, the trial judge, was for a civil judgment. That's the only judgment that was entered by a trial judge. Yet we have committed down on paper this restitution order. Only the circuit clerk ordered restitution. Circuit clerk doesn't have jurisdiction to do that. So that must be vacated. And the state even agrees with that because they're asking that the case be remanded so that the trial judge can order restitution. And so now we would have to jump through the hoops that come along with entering restitution versus a civil judgment in terms of the defendant's rights to contest it and to challenge it and to bring forward evidence and all the considerations that the judge has to make that he specifically talked about not having to deal with because this was a civil judgment. Absolutely, all of those sorts of things. And additionally, all of the issues dealing with will a payment plan be put into place and then how are we going to collect this through the payment plan without Mr. Greger even being on restitution. So all of those steps would have to be gone through as well. Now, the state says that Castleberry doesn't apply and it focuses strongly on how this was mandatory upon the court. But what's interesting is it relies wholly on the use of the word shall for its argument that this was mandatory. Interestingly, as we point out in the reply brief, the very statute at hand in Castleberry, the firearm enhancement and the aggravated sexual assault context, also uses the word shall. The trial judge doesn't have a choice as to whether to assert the firearm enhancement or not, but if the trial judge goes ahead and doesn't put the firearm enhancement in place, the Supreme Court ruled that the appellate courts can't do anything about it and that the state cannot appeal that. That's precisely what they're doing here, is they're trying to appeal a $0 restitution order instead of putting in place a nearly $29,000 restitution order. There is a difference between the restitution order and the civil judgment order. Whether it's in the driver's license context, whether it's in the context of exactly who's responsible for collecting it, whether it's the prosecutor or whether the insurance company has to get a little skin in the game, there are differences. For these reasons, it's very important that Castleberry be applied, the state not be allowed to do a cross-appeal and try to increase Mr. Gregory's sentence, that the circuit clerk's jurisdictionless order be vacated, and the rest of Mr. Gregory's sentence simply be affirmed. That's all we're asking. Thank you, Counsel. There are, I think, students possibly in the room and have been in this morning as well. We take our responsibilities very seriously, but sometimes humor is a way to get through the day, particularly given the seriousness of the matters that we consider. We consider this matter seriously, both on behalf of the state and on behalf of Mr. Gregory. We are nonetheless human, and when you're in the law, you seek humor where you can find it.